UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RYAN BROWN,

                CIVIL ACTION NO. 14-13922

        Plaintiff,

                DISTRICT JUDGE TERRENCE G. BERG

v.

                MAGISTRATE JUDGE R. STEVEN WHALEN

OAKLAND COUNTY JAIL,

        Defendant.

_____/

**REPORT AND RECOMMENDATION**

On October 10, 2014, Plaintiff Ryan Brown, an inmate in the custody of the

Oakland County Jail, filed a *pro se* civil complaint against the Oakland County Jail.

Before the Court is the Defendant's Motion to Dismiss for Failure to Prosecute [Doc.

#19], which has been referred for a Report and Recommendation under 28 U.S.C. §

636(b)(1)(B).  For the reasons discussed below, I recommend that the motion be

DENIED.

**I.   FACTS**

In his handwritten complaint [Doc. #1], Mr. Brown alleges that following an

attempted assault by another inmate, Oakland County Deputies ordered him and other

inmates in the cell to get on their bunks. Mr. Brown did so, but the Deputies pulled him

off of the bunk and dropped him face-first on the concrete floor. He alleges that they also

slammed the right side of his face on the floor, and that they dislocated his shoulder when

carrying him out of the cell.  In addition to the dislocated shoulder, he claims injuries to his chest and back, his left eye socket, and the side of his head.  He further alleges that he was denied medical treatment for his injuries. On January 30, 2015, Defendant filed an answer to complaint, with affirmative defenses [Doc. #14].

In the motion to dismiss, Defendant's counsel states that on October 7, 2015, he served interrogatories and requests for production of documents on Mr. Brown by mail, but that he has received no responses. The docket entries do not show that the Defendant filed a motion to compel discovery.

In his responses to this motion [Doc. #21, #23, and #24], Mr. Brown states that owing to his status as an inmate, he has been stymied in his efforts to obtain documents, including his medical records, from the jail administration.

## II.   STANDARD OF REVIEW

The Court may dismiss a complaint for failure to prosecute pursuant to Fed.R.Civ.P. 41(b) and Rule 41.2 of the Local Rules of the Eastern District of Michigan. *Mulbah v. Detroit Board of Education,* 261 F.3d 586, 589 (6th Cir.2001).  Fed.R.Civ.P. 41(b) provides:

> **"(b) Involuntary Dismissal: Effect Thereof.** For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits."

-2-

In the case of a *pro se* litigant, "the Court must take into consideration the difficulties an individual faces in bringing forward their case without the benefit of legal representation." *Bunting v. Hansen,* 2007 WL 1582236, *2 (E.D.Mich.2007). Nonetheless, because defendants are entitled "to a fair and timely resolution of the litigation ... *pro se* litigants are not to be accorded any special consideration when they fail to adhere to readily-comprehended court deadlines." *Id.; Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir.1991).

In determining whether to dismiss a complaint for failure to prosecute, the Court generally looks to four factors for guidance: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Knoll v. American Telephone & Telegraph Co.,* 176 F.3d 359, 363 (6th Cir.1999). Typically, none of the factors is outcome dispositive, and dismissal is entrusted to the discretion of the Court. *Id.*

### III.   DISCUSSION

Mr. Brown's *pro se* complaint may be fairly read to raise claims of excessive force, in violation of the Fourth Amendment, and deliberate indifference to his serious

medical needs, in violation of either the Eighth or Fourteenth Amendment.[1] While the Defendant does not specify what interrogatories and document requests remain unanswered, it would seem that jail records, including Mr. Brown's medical records, would be highly relevant.

As to the first *Knoll* factor, Mr. Brown perhaps could have acted with greater diligence in dealing with the Defendant's discovery requests, and whatever difficulties he faced in obtaining documents, he could at least have attempted to answer those interrogatories (if any) that did not require reference to those documents. On the other hand, the Defendant has not filed a motion to compel discovery under Fed.R.Civ.P. 37, the more typical and more efficient way to obtain discovery from a non-producing party. Moreover, in terms of jail records, including Mr. Brown's medical records, Defendant would have been better advised to have him sign a waiver for the jail to release those records, rather than placing the burden on a *pro se* inmate to obtain and copy material that he now says is difficult to obtain. Given Mr. Brown's *pro se* status, along with the Defendant's own failure to pursue established discovery remedies under Rule 37, I do not find that this factor weighs significantly against the Plaintiff.

As to the second factor, this Defendant, or any party, is prejudiced by the failure to

---

[1] It is unclear whether Mr. Brown was a pretrial detainee or a convicted defendant serving a sentence. If the former, a claim of deliberate indifference would be based on the Fourteenth Amendment; if the latter, the Eighth Amendment would provide the appropriate decisional basis.

receive discovery material that is highly relevant to the claims or defenses in the case. Certainly Mr. Brown's medical records would fall within that category. Again, however, the Defendant could have ameliorated the prejudice by a timely motion to compel under Rule 37 or by providing Mr. Brown with a release for his jail and medical records. Those remedies are still available.

As to the third and fourth *Knoll* factors, Mr. Brown has not been previously warned that his failure to cooperate in discovery could lead to dismissal of his complaint, nor have less draconian sanctions been imposed.

Balancing the four factors, I am of the opinion that dismissal is too harsh a remedy. At the same time, I recognize that significant time has passed with no activity, and this case needs to move forward.  Therefore, while I am recommending that the Defendant's motion to dismiss be denied, I am, by separate order, extending the discovery deadline for a short time, and for the limited purpose of permitting the Defendant to obtain discovery and/or waivers for release of information from Mr. Brown.[2]

### IV.   CONCLUSION

I recommend that Defendant's Motion to Dismiss for Failure to Prosecute [Doc. #19] be DENIED.

Any objections to this  Report and Recommendation must be filed  within fourteen

---

[2] The discovery deadline was November 10, 2015. Mr. Brown has neither requested, nor am I inclined to grant, an extension of that date for him to obtain additional discovery.

(14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D.

Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further

right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985);

*Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638

F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise

others with specificity will not preserve all the objections a party might have to this

Report and Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir.

1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir.

1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served

upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections,

the opposing party may file a response.  The response shall be not more than twenty (20)

pages in length unless by motion and order such page limit is extended by the court.  The

response shall address specifically, and in the same order raised, each issue contained within

the objections.

s/R. Steven Whalen                    
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: August 12, 2016

-6-

<u>CERTIFICATE OF SERVICE</u>

I hereby certify on August 12, 2016 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants August 12, 2016.

s/Carolyn M. Ciesla
Case Manager for the
Honorable R. Steven Whalen

Dated:  August 12, 2016