UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RYAN BROWN,

          CIVIL ACTION NO. 14-13922

    Plaintiff,

          DISTRICT JUDGE TERRENCE G. BERG

v.

          MAGISTRATE JUDGE R. STEVEN WHALEN

OAKLAND COUNTY JAIL,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

On October 10, 2014, Plaintiff Ryan Brown, an inmate in the custody of the Oakland County Jail, filed a *pro se* civil complaint under 42 U.S.C. § 1983 against the Oakland County Jail. On November 20, 2014, the Court construed Mr. Brown's complaint as naming Oakland County as a Defendant, and ordered service on Oakland County, since the Oakland County Jail is not an entity capable of being sued under § 1983 [Doc. #7]. Before the Court at this time is Defendant's Motion for Summary Judgment [Doc. #32], which has been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the Motion be GRANTED, and that the complaint be DISMISSED WITH PREJUDICE.

                      **I.   FACTS**

In his handwritten complaint [Doc. #1], Mr. Brown alleges that following an attempted assault by another inmate, Oakland County Deputies ordered him and other

inmates in the cell to get on their bunks. Mr. Brown did so, but the Deputies pulled him off of the bunk and dropped him face-first on the concrete floor. He alleges that they also slammed the right side of his face on the floor, and that they dislocated his shoulder when carrying him out of the cell.  In addition to the dislocated shoulder, he claims injuries to his chest and back, his left eye socket, and the side of his head.  He further alleges that he was denied medical treatment for his injuries.  He does not allege that the Deputies or other Jail personnel acted pursuant to a policy.

      Defendant has submitted, as Exhibit A to its Motion, a case report from the Oakland County Jail, which details the investigation into the fight between Mr. Brown and Inmate James Black.  In the report, a Deputy Taliercio indicates that when he responded to yelling in one of the cells, he saw Mr. Brown and Mr. Black fighting on the ground.  Although Mr. Black was handcuffed and escorted from the cell "without incident," Mr. Brown ignored the deputies' verbal commands to come down from the top bunk, "and had to be assisted from it."  Both Black and Brown were examined by a nurse "and cleared for general population."

      Written statements from Mr. Brown and Mr. Black present a "he said/he said" situation.  Mr. Brown stated that Black was complaining about the jail, and he told Black to be quiet so he could sleep.  He said that Black pulled him off his bunk and poked him in the eye.  In contrast, Mr. Black said that Brown made repeated disrespectful comments to him, and "sucker punched" him on the side of the head, requiring Black to defend

himself. Mr. Black said that he was "an older guy from Ohio, and Inmate Brown for some reason did not like me."

A number of the other inmates denied witnessing anything. However, Inmate Haines stated that "the young guy" (Mr. Brown) was "talking crap" to Mr. Black, who "was playing chess when the young guy jumped down from the bunk and attacked [Mr. Black]." Haines said that Black was defending himself.

In the case report, Deputy McLendon is quoted as saying, "At no time Inmate Brown was given any strikes to regain compliance from resisting, or said he needed medical attention."

On November 21, 2016, I entered an order for Mr. Brown to file a response to Defendant's motion by December 19, 2016 [Doc. #33]. To date, Mr. Brown has not filed a response.

## II.   STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).  To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). Drawing all reasonable inferences in favor of the non-moving party, the Court must

determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate. *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

Once the moving party in a summary judgment motion identifies portions of the record which demonstrate the absence of a genuine dispute over material facts, the opposing party may not then "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact," but must make an affirmative evidentiary showing to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). The non-moving party must identify specific facts in affidavits, depositions or other factual material showing "evidence on which the jury could *reasonably* find for the plaintiff." *Anderson*, 477 U.S. at 252 (emphasis added). If the non-moving party cannot meet that burden, summary judgment is clearly proper. *Celotex Corp.*, 477 U.S. at 322-23.

### III. DISCUSSION

Defendant Oakland County, the only named Defendant in this case, argues that it is entitled to summary judgment because Mr. Brown has neither pled nor shown facts that would support a finding of municipal liability. In *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), the Supreme Court held that under § 1983, municipal liability is not unlimited, and that a municipality could not be liable on a theory of *respondeat superior*: "A municipality cannot be held liable *solely* because it employs a tortfeasor - - or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Id.*, 436 U.S. at 691 (Emphasis in original). However, the *Monell* Court found that when the acts of individual employees represent the government's custom or policy, the municipality can be held liable. *Id* at 638. In *Johnson v. City of Detroit*, 944 F.Supp. 586, 598 (E.D. Mich. 1996), the Court explained, "The requirement of an official policy distinguishes the acts of the employee from those of the municipality, ensuring that the municipality is held responsible only for the latter." The Plaintiff has the burden of showing either a formal or informal "unwritten" municipal policy, and that burden is not met by merely showing a single incident of misconduct by municipal or County employees. *See Thomas v. City of Chattanooga*, 398 F.3d 426, 432-33 (6th Cir. 2005)("The danger in appellants' argument is that they are attempting to infer a municipal-wide policy based solely on one instance of potential misconduct. This argument, taken to its logical end, would result in the collapsing of the municipal liability

standard into a simple respondeat superior standard.").

I first note that Mr. Brown's complaint [Doc. #1] is bereft of any facts alleging a County or Jail policy or practice that would state a claim of municipal liability. In other words, the complaint on its face fails to state a claim under the plausibility standard of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).[1]

In addition, Mr. Brown has not filed a response to the Motion for Summary Judgment. While it is true that "a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded," *United States v. Horowitz*, 2011 WL 2173832, at *1 (E.D. Mich. June 1, 2011), citing *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir.1991), the non-moving party must still "make an affirmative showing" of evidence sufficient to allow a trier of fact to find in its favor." *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009). "Although silence in the face of a judgment motion does not constitute abandonment of a claim or defense as such, it amounts to a failure to fulfill the obligation to 'designate' the 'specific facts showing there is a genuine issue for trial.'" *Unum Life Ins. Co. of Am. v. Rietz*, 2013 WL 362894, at *2 (E.D. Mich. Jan. 30, 2013)(citing *Celotex*, 477 U.S. at 324). Here, Defendant

---

[1] In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Court explained and expanded on what it termed the "two-pronged approach" of *Bell Atlantic Corp. v. Twombley*, 550 U.S 544 (2007). First, it must be determined whether a complaint contains factual allegations, as opposed to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, at 678, citing *Twombley*, 550 U.S. at 555. Second, the facts that are pled must show a "plausible" claim for relief.

County has carried its burden of showing the absence of any facts that support a finding of a policy or custom that would substantiate a municipal liability claim. Through his lack of response, Mr. Brown has shown nothing.[2] *Monell* precludes a finding of liability against Oakland County. Defendant is entitled to summary judgment.

## IV. CONCLUSION

I recommend that Defendant's Motion for Summary Judgment [Doc. #32] be GRANTED, and that the complaint be DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served

---

[2] Defendant states that the discovery requests and medical release forms it sent to Mr. Brown at the Oakland County Jail– the last address the Court has on file– were returned by the U.S. Postal Service. *See* Defendant's Exhibit G. Mr. Brown is required to notify the Court of any change of address, E.D. Mich. L.R. 11.2, but has not done so. It appears that perhaps Mr. Brown has simply moved on.

upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                            s/R.  Steven Whalen
                                            R. STEVEN WHALEN
                                            UNITED STATES MAGISTRATE JUDGE

Dated: July 24, 2017

## CERTIFICATE OF SERVICE

I hereby certify on July 24, 2017, that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to non-registered ECF participants on July 24, 2017.

                                            s/Carolyn Ciesla
                                            Case Manager to
                                            Magistrate Judge R. Steven Whalen